IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

VERONICA PENA,
     *Plaintiff*,

vs.                                            C.A. NO. 1-18-CV-00916-LY

LIFETIME FITNESS, INC., LTF CLUB
OPERATIONS COMPANY, INC., LTF
CLUB MANAGEMENT COMPANY,
LLC, LTF OPERATIONS HOLDINGS,
INC., AND BRIGHTVIEW
LANDSCAPES, LLC
     *Defendants*.

## PLAINTIFF'S UNOPPOSED FIRST AMENDED COMPLAINT

COMES NOW, VERONICA PENA ("Plaintiff" or "Ms. Pena") and files Plaintiff's First Amended Complaint and complains of LIFE TIME FITNESS, INC. ("Life Time"), LTF CLUB OPERATIONS COMPANY, INC., ("LTF") LTF CLUB MANAGEMENT COMPANY, LLC ("LTF CLB MANAGEMENT"), LTF OPERATIONS HOLDINGS, INC., AND BRIGHTVIEW LANDSCAPES, LLC (collectively referred to as "Defendants") and for cause of action would respectfully show unto the Court as follows:

## I.
## JURISDICTION, VENUE, AND JURY TRIAL REQUEST

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a) and the Plaintiff seeks damages in excess of $75,000.

2. Venue is proper in this district pursuant to 28 U.S.C. 1391(c). Ms. Pena sustained personal injuries in Williamson County, which falls within the jurisdiction of this Court.

3. Plaintiff requests trial by jury.

1

## II.
## PARTIES & SERVICE OF PROCESS

4. Plaintiff VERONICA PENA is an individual residing in Travis County, Texas at the time of the injury forming the basis of this claim.

5. Defendant LIFE TIME FITNESS, INC. is a for-profit corporation formed under the laws of the State of Minnesota, is registered with the Secretary of State, and has its corporate headquarters at 2902 Corporate Place Chanhassen, MN 55317. Life Time was doing business in Williamson County, Texas at all times relevant to this lawsuit (i.e. its operation and/or ownership of the Life Time Fitness facility located at 13725 Ranch Road 620 Austin, Texas 78717). Life Time was served with process through its registered agent National Registered Agents, Inc. at 1999 Bryan Street, Ste. 900 Dallas, Texas 75201. Life Time Fitness, Inc. has appeared and filed an answer in this lawsuit alleging its proper name is LIFE TIME, INC.

6. Defendant LTF CLUB OPERATIONS COMPANY, INC. is a for-profit corporation formed under the laws of the State of Minnesota, is registered with the Secretary of State, and has its corporate headquarters at 2902 Corporate Place Chanhassen, MN 55317. LTF was doing business in Williamson County, Texas at all times relevant to this lawsuit (i.e. its operation and/or ownership of the Life Time Fitness facility located at 13725 Ranch Road 620 Austin, Texas 78717). LTF was served with process through its registered agent Cogency Global Inc. at 1601 Elm Street, Ste. 4360 Dallas, Texas 75201. LTF Club Operations Company, Inc. has appeared and filed an answer in this lawsuit.

7. Defendant LTF CLUB MANAGEMENT COMPANY, LLC is a for-profit corporation formed under the laws of the State of Minnesota, is registered with the Secretary of State, and has its corporate headquarters at 2902 Corporate Place Chanhassen, MN 55317. LTF Club was doing business in Williamson County, Texas at all times relevant to this lawsuit (i.e. its

operation and/or ownership of the Life Time Fitness facility located at 13725 Ranch Road 620 Austin, Texas 78717). LTF CLUB was served with process through its registered agent Cogency Global Inc. at 1601 Elm Street, Ste. 4360 Dallas, Texas 75201. LTF Club Management Company, LLC has appeared and filed an answer in this lawsuit.

8. Defendant LTF OPERATIONS HOLDINGS, INC. is a for-profit corporation formed under the laws of the State of Minnesota, is registered with the Secretary of State, and has its corporate headquarters at 2902 Corporate Place Chanhassen, MN 55317. LTF Operations was doing business in Williamson County, Texas at all times relevant to this lawsuit (i.e. its operation and/or ownership of the Life Time Fitness facility located at 13725 Ranch Road 620 Austin, Texas 78717). LTF was served with process through its registered agent National Registered Agents, Inc. at 1999 Bryan Street, Ste. 900 Dallas, Texas 75201. LTF Operations Holdings, Inc. has appeared and filed an answer in this lawsuit.

9. Defendant BRIGHTVIEW LANDSCAPES, LLC is a for-profit corporation formed under the laws of the State of Delaware, is registered with the Secretary of State, and has its corporate headquarters at 401 Plymouth Road, Suite 500, Plymouth Meeting, PA 19462. BrightView Landscapes, LLC can be served through its registered agent CT Corporation System at 1999 Bryan Street, Ste. 900 Dallas, Texas 75201.

10. Defendants LIFE TIME FITNESS, INC., LTF CLUB OPERATIONS COMPANY, INC., LTF CLUB MANAGEMENT COMPANY, LLC, AND LTF OPERATIONS HOLDINGS, INC. are collectively referred to as "Life Time Defendants."

11. Plaintiff specifically invokes the right to institute this suit against Defendant LIFE TIME FITNESS, INC. in any other name which has been used to designate it, or which it has used, including, but not limited to, "LIFE TIME FITNESS, INC." Plaintiff expressly invokes her right

3

under Rule 15 of the Federal Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.  Therefore, in the event Defendant pleads allegations responsive thereto, Plaintiff alternatively urges that it appears that the correct name of the Defendant LIFE TIME FITNESS INC. is LIFE TIME FITNESS, INC.  Plaintiff has sued the correct Defendant but may have misnamed it. Thus, to correct a misnomer, Plaintiff henceforth from the filing of this pleading, shall refer to Defendant as Defendant LIFE TIME FITNESS INC.

12.     Plaintiff specifically invokes the right to institute this suit against Defendant LTF CLUB OPERATIONS COMPANY, INC. in any other name which has been used to designate it, or which it has used, including, but not limited to, "LTF CLUB OPERATIONS COMPANY, INC."  Plaintiff expressly invokes her right under Rule 15 of the Federal Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.  Therefore, in the event Defendant pleads allegations responsive thereto, Plaintiff alternatively urges that it appears that the correct name of the Defendant LTF CLUB OPERATIONS COMPANY, INC. is LTF CLUB OPERATIONS COMPANY, INC.   Plaintiff has sued the correct Defendant but may have misnamed it. Thus, to correct a misnomer, Plaintiff henceforth from the filing of this pleading, shall refer to Defendant as Defendant LTF CLUB OPERATIONS COMPANY, INC.

13.     Plaintiff specifically invokes the right to institute this suit against Defendant LTF CLUB MANAGEMENT COMPANY, LLC in any other name which has been used to designate it, or which it has used, including, but not limited to, "LTF CLUB MANAGEMENT COMPANY,

LLC." Plaintiff expressly invokes her right under Rule 15 of the Federal Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein. Therefore, in the event Defendant pleads allegations responsive thereto, Plaintiff alternatively urges that it appears that the correct name of the Defendant LTF CLUB MANAGEMENT COMPANY, LLC is LTF CLUB MANAGEMENT COMPANY, LLC Plaintiff has sued the correct Defendant but may have misnamed it. Thus, to correct a misnomer, Plaintiff henceforth from the filing of this pleading, shall refer to Defendant as Defendant LTF CLUB MANAGEMENT COMPANY, LLC.

14.     Plaintiff specifically invokes the right to institute this suit against Defendant LTF OPERATIONS HOLDINGS, INC. in any other name which has been used to designate it, or which it has used, including, but not limited to, "LTF OPERATIONS HOLDINGS, INC." Plaintiff expressly invokes her right under Rule 15 of the Federal Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein. Therefore, in the event Defendant pleads allegations responsive thereto, Plaintiff alternatively urges that it appears that the correct name of the Defendant LTF OPERATIONS HOLDINGS, INC. is LTF OPERATIONS HOLDINGS, INC. Plaintiff has sued the correct Defendant but may have misnamed it. Thus, to correct a misnomer, Plaintiff henceforth from the filing of this pleading, shall refer to Defendant as Defendant LTF OPERATIONS HOLDINGS, INC.

15.     Plaintiff specifically invokes the right to institute this suit against Defendant BRIGHTVIEW LANDSCAPES, LLC in any other name which has been used to designate it, or

5

which it has used, including, but not limited to, "BRIGHTVIEW LANDSCAPES, LLC." Plaintiff expressly invokes her right under Rule 15 of the Federal Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein. Therefore, in the event Defendant pleads allegations responsive thereto, Plaintiff alternatively urges that it appears that the correct name of the Defendant BRIGHTVIEW LANDSCAPES, LLC is BRIGHTVIEW LANDSCAPES, LLC. Plaintiff has sued the correct Defendant but may have misnamed it. Thus, to correct a misnomer, Plaintiff henceforth from the filing of this pleading, shall refer to Defendant as Defendant BRIGHTVIEW LANDSCAPES, LLC.

### III.
### FACTS

16. On or about January 8, 2017, Ms. Pena was at the Life Time fitness facility at 13725 Ranch Road 620 Austin, Texas 78717. On said occasion, Ms. Pena paid a monthly fee to enter and use the premises in question at Life Time Defendants' invitation and for their mutual benefit.

17. On or about the morning of January 8, 2017, Ms. Pena was exiting the Life Time fitness facility located in North Austin walking to her car. As Ms. Pena stepped on the sidewalk, she suddenly and unexpectedly slipped and fell on ice that was on the sidewalk.

18. After the fall, it was discovered that the ice on the sidewalk had come from a nearby landscape sprinkler that has come on early in the morning and sprayed water onto the sidewalk and adjacent area. The temperatures the night before (and in the early morning of January 8, 2017) had been below freezing. As such, the over-sprayed water from the nearby sprinkler had frozen and caused an unreasonably dangerous condition on the sidewalk. This condition was unknown to Ms. Pena, and it was the cause of her fall and resulting injuries.

19. Defendants failed to place warning signs instructing Ms. Pena not to walk on that portion of the sidewalk, alerting Ms. Pena there was ice on the sidewalk, or warning Ms. Pena about any other dangers. Defendants also failed to make the sidewalk safe.

20. At all relevant times Defendants owned, operated, maintained, and/or managed the subject Life Time fitness facility at 13725 Ranch Road 620 Austin, Texas 78717 where the incident in question occurred.

21. As a result of the incident in question, Ms. Pena sustained serious and permanent personal injuries and damages for which she seeks recovery of from Defendants.

## IV.
## NEGLIGENCE OF LIFE TIME DEFENDANTS

22. Plaintiff repleads the foregoing factual allegations as if quoted verbatim and set forth here.

23. Whenever it is alleged in this Petition that any officer, employee, agent, supervisor or other person employed or contracted with Life Time Defendants committed or failed to commit any act, it is alleged that those acts were the acts of Life Time Defendants pursuant to the doctrines of *respondeat superior*, agency, vicarious liability, ratification, waiver, estoppel, course and scope of employment, and vice-principal liability. In all circumstances, the acts or omissions complained of were committed or omitted in the course and scope of the actor's employment with Life Time Defendants.

24. At all relevant times Life Time Defendants owned, operated, maintained, and/or managed the subject Life Time fitness facility at 13725 Ranch Road 620 Austin, Texas 78717 where the incident in question occurred. Accordingly, Life Time Defendants had a duty to exercise that degree of care that would be used by an owner or occupier of ordinary prudence under the same or similar circumstances.

7

25. Ms. Pena was an "invitee" upon the premises. Ms. Pena entered Life Time Defendants' premises in response to the Life Time Defendants' invitation and for their mutual benefit. As an invitee, she is owed the highest duty of care, to be warned of or made safe from any conditions or activities on the property that posed an unreasonable danger to Ms. Pena that Life Time Defendants' either knew of, or through the exercise of reasonable diligence, should have known of.

26. Life Time Defendants (1) allowed their landscape sprinklers to overspray onto walkways used by tenants such as the subject stairway and adjacent area; and (2) operated their sprinkler system during periods of freezing temperatures, which caused the over-sprayed water on the subject stairway to freeze and create ice on the steps. Consequently, the frozen ice on the subject stairway was created by Life Time Defendants and it was a condition that posed an unreasonable risk of harm to Plaintiff.

27. Ms. Pena was not aware of this unreasonable risk of harm before the incident occurred. Alternatively, even if Ms. Pena was aware of the danger presented by the ice on the sidewalk, (1) it was necessary for Ms. Pena to use the unreasonably dangerous premises to exit the fitness facility to go to her car and (2) Life Time Defendants should have anticipated that Ms. Pena was unable to avoid the unreasonable risk.

28. Life Time Defendants by and through themselves or their employees, agents and/or representatives, either knew or reasonably should have known of the dangerous condition prior to Plaintiff's fall.

29. Life Time Defendants by and through themselves or their employees, agents and/or representatives, failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn her of the condition and by failing to make that condition reasonably safe.

8

30. Life Time Defendants' failure to exercise such ordinary care proximately caused Plaintiff's injuries and damages.

31. Significantly, the ice that caused Plaintiff to fall was not created by natural causes. Rather, the ice was completely man-made and the result of unnatural conduct—namely, the Life Time Defendants' sprinklers spraying onto the subject steps during freezing temperatures.

32. Each of the above acts and/or omissions singularly and cumulatively constitutes negligence, and was a proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff.

### V.
### NEGLIGENCE OF BRIGHTVIEW LANDSCAPES, LLC

33. Plaintiff repleads the foregoing factual allegations as if quoted verbatim and set forth here.

34. Whenever it is alleged in this Complaint that any officer, employee, agent, supervisor or other person employed or contracted with BrightView Landscapes, LLC committed or failed to commit any act, it is alleged that those acts were the acts of Defendant BrightView Landscapes, LLC pursuant to the doctrines of *respondeat superior*, agency, vicarious liability, ratification, waiver, estoppel, course and scope of employment, and vice-principal liability. In all circumstances, the acts or omissions complained of were committed or omitted in the course and scope of the actor's employment with BrightView Landscapes, LLC.

35. At all times relevant to this cause of action, Defendant BrightView Landscapes, LLC had a contract with the subject property owners/operators to maintain the landscaping and sprinkler system. Accordingly, Defendant BrightView Landscapes, LLC had a duty to exercise

9

that degree of care that would be used by a landscape company of ordinary prudence under the same or similar circumstances. Plaintiff alleges that Defendant BrightView Landscapes, LLC breached such duty as follows:

a.  Defendant BrightView Landscapes, LLC by and through themselves or their employees, agents and/or representatives, owed Plaintiff a duty of ordinary care.

b.  BrightView Landscapes, LLC breached their duty of ordinary care by failing to act as a reasonable and prudent sprinkler-service company would have acted under the same or similar circumstances. Specifically, Defendant BrightView Landscapes, LLC (1) allowed the landscape sprinklers to overspray onto walkways used by tenants such as the subject stairway and adjacent area; (2) operated the sprinkler system during periods of freezing temperatures, which caused the over-sprayed water on the subject stairway to freeze and create ice on the steps and (3) failed to properly inspect and maintain a functional freeze protection system to prevent the sprinkler system from activating during freezing temperatures.

36.     BrightView Landscapes, LLC's failure to exercise such ordinary care was a proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff.

37.     Significantly, the ice that caused Plaintiff to fall was not created by natural causes. There was no precipitation the night before (i.e. rain, sleet, snow, etc.). Rather, the ice was

10

completely man-made and the result of unnatural conduct—namely, the sprinklers spraying onto the subject steps during freezing temperatures.

38.     Each of the above acts and/or omissions singularly and cumulatively constitutes negligence, and was a proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## DAMAGES

39.     As a result of the negligent conduct of Defendants, Ms. Pena incurred expenses for her medical care and attention. These expenses were incurred for necessary care and treatment of the injuries resulting from the above-described fall. The charges are reasonable and were the usual and customary charges made for such service in Williamson County, Texas.

40.     As a result of the negligent conduct of Defendants, Ms. Pena suffered bodily injuries. The injuries have significant affected Ms. Pena's health and well-being. As a result of the nature and consequences of these injuries, Ms. Pena has suffered and will continue to suffer physical and mental pain and suffering, and mental anguish.

41.     As a further result of the negligent conduct of Defendants, Ms. Pena has suffered and will continue to suffer physical impairment and physical disfigurement.

42.     As a further result of the negligent conduct of Defendants, Ms. Pena has suffered loss of earning capacity in the past and will continue to suffer loss of earning capacity in the future.

43.     Ms. Pena seeks unliquidated damages within the jurisdictional limits of this Court.

## VII.
## REQUEST FOR RELIEF

44.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendants, as requested above, and as follows:

A.     Judgment against Defendants, jointly and severally, for all damages alleged in this petition, including exemplary damages;

B.     To the extent allowable by law, interest before and after judgment at the highest rate provided by law, until paid;

C.     Costs of suit;

D.     Any and all other relief, both at law and in equity, which the jury deems to be fair and reasonable, and to which Plaintiff may show herself to be justly entitled.

Respectfully Submitted: November 21, 2018.

Respectfully submitted,

ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile

*/s/ Megan Evans*
Megan Evans
State Bar No. 24090092
mevans@rosslawgroup.com

Daniel B. Ross
State Bar No.00789810
dan@rosslawgroup.com

ATTORNEYS FOR PLAINTIFF