IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

VERONICA PENA,
  *Plaintiff*,

vs.              C.A. NO. 1:18-CV-00916-LY

BRIGHTVIEW LANDSCAPES, LLC
  *Defendant*

## PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW, VERONICA PENA ("Plaintiff" or "Ms. Pena") and files Plaintiff's Third Amended Complaint and complains of BRIGHTVIEW LANDSCAPES, LLC ("Brightview" or "Defendant") and for cause of action would respectfully show unto the Court as follows:

**I.**
**JURISDICTION, VENUE, AND JURY TRIAL REQUEST**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a) and the Plaintiff seeks damages in excess of $75,000.

2. Venue is proper in this district pursuant to 28 U.S.C. 1391(c). Ms. Pena sustained personal injuries in Williamson County, which falls within the jurisdiction of this Court.

3. Plaintiff requests trial by jury.

**II.**
**PARTIES & SERVICE OF PROCESS**

4. Plaintiff VERONICA PENA is an individual residing in Travis County, Texas at the time of the injury forming the basis of this claim.

5. Defendant BRIGHTVIEW LANDSCAPES, LLC is a for-profit corporation formed under the laws of the State of Delaware, is registered with the Secretary of State, and has its corporate headquarters at 401 Plymouth Road, Suite 500, Plymouth Meeting, PA 19462.

1

BrightView Landscapes, LLC can be served through its registered agent CT Corporation System at 1999 Bryan Street, Ste. 900 Dallas, Texas 75201.  Brightview has been served with process in this case and has filed an answer.

6.      Plaintiff specifically invokes the right to institute this suit against Defendant BRIGHTVIEW LANDSCAPES, LLC in any other name which has been used to designate it, or which it has used, including, but not limited to, "BRIGHTVIEW LANDSCAPES, LLC."  Plaintiff expressly invokes her right under Rule 15 of the Federal Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein.  Therefore, in the event Defendant pleads allegations responsive thereto, Plaintiff alternatively urges that it appears that the correct name of the Defendant BRIGHTVIEW LANDSCAPES, LLC is BRIGHTVIEW LANDSCAPES, LLC. Plaintiff has sued the correct Defendant but may have misnamed it. Thus, to correct a misnomer, Plaintiff henceforth from the filing of this pleading, shall refer to Defendant as Defendant BRIGHTVIEW LANDSCAPES, LLC.

### III.
### FACTS

7.      On or about January 8, 2017, Ms. Pena was at the Life Time fitness facility at 13725 Ranch Road 620 Austin, Texas 78717.

8.      On or about the morning of January 8, 2017, Ms. Pena was exiting the Life Time fitness facility located in North Austin walking to her car.  As Ms. Pena stepped on the curb, she suddenly and unexpectedly slipped and fell on ice that was on the curb and ground.

9.      After the fall, it was discovered that the ice on the curb and surrounding area had come from a nearby landscape sprinkler that has come on early in the morning and sprayed water

onto the curb and surrounding area.  The temperatures the night before (and in the early morning of January 8, 2017) had been below freezing.  As such, the over-sprayed water from the nearby sprinkler had frozen and caused an unreasonably dangerous condition on the curb and surrounding area.  This condition was unknown to Ms. Pena, and it was the cause of her fall and resulting injuries.

10.     Defendant failed to place warning signs instructing Ms. Pena not to walk on that portion of the sidewalk, alerting Ms. Pena there was ice on the sidewalk, or warning Ms. Pena about any other dangers.  Defendant also failed to make the sidewalk safe.

11.     At all relevant times Defendant operated and maintained the sprinklers and irrigation equipment at the subject Life Time fitness facility at 13725 Ranch Road 620 Austin, Texas 78717 where Ms. Pena fell and was injured.

12.     As a result of the incident in question, Ms. Pena sustained serious and permanent personal injuries and damages for which she seeks recovery of from Defendant.

13.     Brightview had a written contract with Life Time that it will perform the following: "Fall Winterization- Drain and close all valves and blow out all lines."  The agreement also reads, "The contractor is responsible for any damage that may result during the winter months due to improper winterization of the irrigation system."

**V.**
**NEGLIGENCE OF BRIGHTVIEW LANDSCAPES, LLC**

14.     Plaintiff repleads the foregoing factual allegations as if quoted verbatim and set forth here.

15.     Whenever it is alleged in this Complaint that any officer, employee, agent, supervisor or other person employed or contracted with BrightView Landscapes, LLC committed

or failed to commit any act, it is alleged that those acts were the acts of Defendant BrightView Landscapes, LLC pursuant to the doctrines of *respondeat superior*, agency, vicarious liability, ratification, waiver, estoppel, course and scope of employment, and vice-principal liability. In all circumstances, the acts or omissions complained of were committed or omitted in the course and scope of the actor's employment with BrightView Landscapes, LLC.

16.     At all times relevant to this cause of action, Defendant BrightView Landscapes, LLC had a contract with the subject property owners/operators to maintain the landscaping and sprinkler system. Accordingly, Defendant BrightView Landscapes, LLC had a duty to exercise that degree of care that would be used by a landscape company of ordinary prudence under the same or similar circumstances. Plaintiff alleges that Defendant BrightView Landscapes, LLC breached such duty as follows:

a.  Defendant BrightView Landscapes, LLC by and through themselves or their employees, agents and/or representatives, owed Plaintiff a duty of ordinary care.

b.  BrightView Landscapes, LLC breached their duty of ordinary care by failing to act as a reasonable and prudent sprinkler-service company would have acted under the same or similar circumstances. Specifically, Defendant BrightView Landscapes, LLC (1) allowed the landscape sprinklers to overspray onto walkways used by the public such as the subject curb and surrounding area; (2) operated the sprinkler system during periods of freezing temperatures, which caused the over-sprayed water on the subject curb and surrounding

4

area to freeze and create ice on the ground (3) failed to properly inspect and maintain a functional freeze protection system to prevent the sprinkler system from activating during freezing temperatures; and (4) failed to properly winterize the irrigation equipment and sprinklers at the Life Time Fitness.

17.     BrightView Landscapes, LLC's failure to exercise such ordinary care was a proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff.

18.     Significantly, the ice that caused Plaintiff to fall was not created by natural causes. There was no precipitation the night before (i.e. rain, sleet, snow, etc.). Rather, the ice was completely man-made and the result of unnatural conduct—namely, the sprinklers spraying onto the subject curb and surrounding area during freezing temperatures.

19.     Each of the above acts and/or omissions singularly and cumulatively constitutes negligence, and was a proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## DAMAGES

20.     As a result of the negligent conduct of Defendant, Ms. Pena incurred expenses for her medical care and attention. These expenses were incurred for necessary care and treatment of the injuries resulting from the above-described fall. The charges are reasonable and were the usual and customary charges made for such service in Williamson County, Texas.

21. As a result of the negligent conduct of Defendant, Ms. Pena suffered bodily injuries. The injuries have significant affected Ms. Pena's health and well-being. As a result of the nature and consequences of these injuries, Ms. Pena has suffered and will continue to suffer physical and mental pain and suffering, and mental anguish.

22. As a further result of the negligent conduct of Defendant, Ms. Pena has suffered and will continue to suffer physical impairment and physical disfigurement.

23. As a further result of the negligent conduct of Defendant, Ms. Pena has suffered loss of earning capacity in the past and will continue to suffer loss of earning capacity in the future.

24. Ms. Pena seeks unliquidated damages within the jurisdictional limits of this Court.

## VII.
## REQUEST FOR RELIEF

25. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant, as requested above, and as follows:

A. Judgment against Defendant for all damages alleged in this petition, including exemplary damages;

B. To the extent allowable by law, interest before and after judgment at the highest rate provided by law, until paid;

C. Costs of suit;

D. Any and all other relief, both at law and in equity, which the jury deems to be fair and reasonable, and to which Plaintiff may show herself to be justly entitled.

Respectfully Submitted: January 31, 2020.

ROSS · SCALISE LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile

*/s/ Megan Evans*
Megan Evans
State Bar No. 24090092
mevans@rosslawgroup.com

Daniel B. Ross
State Bar No.00789810
dan@rosslawgroup.com

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I do hereby certify that on January 31, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system, which will send notification of such filing to Counsel on this case.

*/s/ Megan Evans*
Megan Evans